IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| L.L.,[1] <br><br> **Plaintiff,** <br><br> vs. <br><br> **KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,** <br><br> **Defendant.** | Case No. 22-1270-DDC |

### MEMORANDUM AND ORDER

On November 30, 2022, plaintiff filed a Complaint against the Acting Commissioner of the Social Security Administration. Doc. 1. The Complaint seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner of the Social Security Administration's decision denying benefits. *Id.* at 1–2. Plaintiff also has moved for leave to file this action in forma pauperis. Doc. 4. He has submitted an affidavit of financial status supporting his request. *Id.* at 2–7.

Under 28 U.S.C. § 1915(a)(1), the court may authorize a person to commence an action without prepayment of fees after the person submits an affidavit demonstrating an inability to pay. The court has broad discretion to grant or deny permission to proceed in forma pauperis. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). But the court cannot act arbitrarily or deny an application on erroneous grounds. *Id.* "'[T]o succeed on a motion to proceed [in forma pauperis], the movant must show a financial inability to pay the required filing fees . . . .'" *Id.* (quoting *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

---

[1] The court uses only plaintiff's initials to preserve the privacy interests of Social Security claimants.

After reviewing plaintiff's financial affidavit, the court finds that plaintiff has made a sufficient showing that she is unable to pay the required filing fees.  Plaintiff attests that she is unemployed.  *Id.* at 3.  She has $100 in cash on hand and $25 in savings or checking accounts.  *Id.* at 5.  Plaintiff is married, and she reports that her husband earns $4,000 a month from his employment.  *Id.* at 1, 3.  The couple own a home and have about $45,000 in equity in that home.  *Id.* at 4.  But the couple's monthly expenses and other debts that they owe—including their $1,900 monthly mortgage payment—exceed her husband's monthly income.  *Id.* at 5–6.  Based on information provided by plaintiff's affidavit, the court concludes that plaintiff is unable to pay the required filing fees.  The court thus grants plaintiff's request for leave to file this action without payment of fees, costs, or security under 28 U.S.C. § 1915(a)(1).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Application for Leave to File Action Without Payment of Fees, Costs, or Security (Doc. 4) is granted.  The court orders the Clerk to prepare a summons under Federal Rule of Civil Procedure 4 on plaintiff's behalf.  The Clerk shall issue the summons to the United States Marshal or Deputy Marshal, who the court appoints under Federal Rule of Civil Procedure 4(c)(3), to effect service.[2]

**IT IS SO ORDERED.**

**Dated this 8th day of December, 2022, at Kansas City, Kansas.**

                                    **s/ Daniel D. Crabtree**
                                    **Daniel D. Crabtree**
                                    **United States District Judge**

---

[2]  Plaintiff filed her Complaint the day before Rule 3 of the new Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) took effect on December 1, 2022.  The new Rule 3 requires the court to notify the Commissioner of Social Security Administration "of the commencement of the action" and provides that "plaintiff need not serve a summons and complaint under Civil Rule 4."  Suppl. R. 3.  Because this rule was not yet in effect when plaintiff filed her Complaint, the court follows past procedure and orders the Clerk to prepare a summons and directs the United States Marshal to effect service under Rule 4.