IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Lora L.,[1]

        **Plaintiff,**

v.                                   Case No. 22-1270-JWL

**Kilolo Kijakazi,**
**Acting Commissioner of Social Security,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court orders that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) affirming the Commissioner's final decision.

**I.**      **Procedural History**

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on November 4, 2020. After exhausting administrative remedies before the Social Security Administration (SSA), plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred by failing

---

[1] Because the court makes its opinions available online, it captions this case using only the first initial of plaintiff's last name to protect her privacy interest.

to include in the residual functional capacity assessed mental functional limitations based on the combination of plaintiff's severe and non-severe impairments and by failing to explain how the assessed mild limitations in the ability to perform basic mental work activities affected plaintiff's ability to perform her past relevant work at the skilled level or other work at the semi-skilled level.[2]

## II. Standard for Judicial Review

The court's review is guided by the Act. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007); *accord White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Wall*, 561 F.3d at 1052; *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence

---

[2] The government dedicates most of its response to an argument that plaintiff has not advanced, urging that the ALJ did not err in finding at step two that plaintiff's depressive and anxiety disorders were not severe impairments. While plaintiff notes her belief that the evidence supports a finding of severe mental impairments at step two, she does not argue any error in the ALJ's analysis at step two. The court, then, does not address this issue.

2

not only supports [a contrary] conclusion, but compels it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)); *accord Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005); *see also Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in *Bowling*)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. *Gossett*, 862 F.2d at 804-05; *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Wilson*, 602 F.3d at 1139 (quoting *Lax*, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). *Williams*, 844 F.2d at 750-51. After evaluating step three, the

Commissioner assesses claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. *Id*.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, the claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy. *Wilson*, 602 F.3d at 1139 (quoting *Lax*, 489 F.3d at 1084). In steps one through four the burden is on plaintiff to prove a disability that prevents performance of past relevant work. *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006); *accord Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001); *Williams*, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. *Id*.; *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

In this case, the ALJ determined at step one that plaintiff had not engaged in substantial gainful activity since November 3, 2020. She determined at step two that plaintiff has the following severe impairments: obesity; degenerative joint disease of the bilateral knees; lumbar degenerative disc disease; fibromyalgia; and systemic lupus erythematosus. The ALJ also determined at step two that plaintiff's medically determinable mental impairments of depressive disorder and anxiety disorder do not cause more than minimal limitation in the plaintiff's ability to perform basic mental work activities. At step three, the ALJ found that plaintiff's impairments do not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. In connection with step four of the sequential evaluation process, the ALJ

determined that plaintiff has the residual functional capacity to perform light work. Specifically, the ALJ found that plaintiff has

> the ability to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk up to two hours in an eight-hour workday, and sit up to 6 hours in an 8-hour workday. She can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. She can occasionally stoop, but can never kneel, crouch and crawl. She needs to avoid more than occasional exposure to concentrated levels of extreme heat, cold, humidity, noise, vibration, fumes, noxious odors, dusts, mists, gases and poor ventilation. She cannot work around unprotected heights or hazardous, unshielded, moving machinery.

The ALJ determined at step four that plaintiff is capable of performing her past work as director of nursing. Moreover, after considering plaintiff's age, education, work experience, and RFC, the ALJ made an alternative determination at step five that there were jobs existing in significant numbers in the national economy that plaintiff could also perform. Thus, the ALJ concluded that plaintiff has not been under a disability from November 3, 2020 through the date of her decision.

### III. Discussion

Plaintiff first challenges the ALJ's failure to include in the residual functional capacity assessed mental functional limitations based on the combination of plaintiff's severe and non-severe impairments. The court rejects this argument. The ALJ, at step two, found that plaintiff's mental impairments "caused no more than mild limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities." As a result, the ALJ was "under no obligation" to include limitations in these areas in the RFC. *Beasley v. Colvin*, 520 Fed. Appx. 748, 754 (10th Cir. 2013); *see Suttles v. Colvin*, 543 Fed. Appx. 824, 826-27 (10th Cir. 2013) ("Mr. Suttles also objects that

the ALJ omitted from the RFC assessment a mild limitation found at step two regarding concentration, persistence, or pace. However, this court has repeatedly held, albeit in unpublished decisions, that mental limitations noted in the threshold inquiry at steps two and three do not apply at later steps.") (collecting cases).  Moreover, the ALJ expressly stated that she "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."  R. 19; *see Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) ("Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word.").  And it is clear that the ALJ considered plaintiff's testimony about her depression and anxiety in connection with the RFC assessment, see R. 20 (describing plaintiff's testimony about depression, sadness and anxiety) but ultimately decided that plaintiff's testimony about the intensity, persistence and limiting effects of her symptoms was inconsistent with the other evidence in the record.  See R. 22.  In sum, the ALJ's determinations regarding plaintiff's RFC are supported by substantial evidence and plaintiff has not directed the court to any evidence compelling the inclusion of mental impairments in the RFC.

Plaintiff next challenges the ALJ's failure to explain how the assessed mild limitations in the ability to perform basic mental work activities affected plaintiff's ability to perform her past relevant work at the skilled level or other work at the semi-skilled level.  As highlighted by plaintiff, the Program Operations Manual System (POMS) recognizes that often in semiskilled and skilled work "there is an increasing requirement for understanding and memory and for concentration and persistence" such as the ability to understand and remember detailed instructions, carry out detailed instructions, and set realistic goals or make plans independently of others.  POMS DI 25020.010(B)(4)(b). She points out semiskilled and skilled work may require

other special abilities "depending upon the type of work and specific functions it involves." *Id.* 25020.010(B)(4)(c). Relying on this court's opinions in *Richard De La T. v. Saul*, 2020 WL 6798771, at *2-3 (D. Kan. Nov. 19, 2020) and *Leah A.D. v. Saul*, 2020 WL 2849475, at *5 (D. Kan. June 2, 2020), plaintiff claims the ALJ erred because she "provided no discussion of the impact of [plaintiff]'s medically determinable mental impairments on her ability to work at any skill level, let alone skilled and semi-skilled work."

The ALJ found that plaintiff could perform her past relevant work as director of nursing, which requires the highest Specific Vocational Preparation level (8) and she stated that she had compared the mental demands of that work with plaintiff's RFC. R. 23. But, as argued by plaintiff, there is no record evidence setting forth the actual, specific mental abilities demanded by that work and there is no discussion in the ALJ's decision or in the hearing colloquy between the ALJ and the vocational expert regarding the increased mental abilities required to perform the job and no specific discussion or finding that plaintiff has mental abilities greater than those necessary to perform basic mental work activities. While it may be that plaintiff retains the mental abilities to perform work as a director of nursing, if any, which are greater than the basic mental abilities required to perform unskilled work, this court does not know what they are and the ALJ failed to address that issue. The court is aware that it is the Commissioner's responsibility—the ALJ's in this case—to assess RFC, and to compare a claimant's RFC with the mental demands of a job, and the court may not substitute its judgment for that of the Commissioner. However, in a case such as this where the ALJ has not explained the ambiguities or material inconsistencies created by her evaluation of the record evidence, remand is necessary for a proper evaluation, unless the ALJ's alternative finding is a proper basis alone to justify a finding of not disabled. *See*

*Richard De La T.*, 2020 WL 6798771, at *3 (remanding where the ALJ had not explained whether the claimant's mental abilities were sufficient to meet the mental demands of skilled past relevant work); *Evalyne Kathleen H. v. Kijakazi*, 2022 WL 539104, at *7 (D. Kan. Feb. 23, 2022) (same), Nonetheless, as explained below, the ALJ's alternative finding at step five that plaintiff could perform jobs at the semi-skilled level justifies a finding of not disabled. Remand, then, is not required.

As noted earlier, the ALJ in this case made an alternative finding that plaintiff, in addition to her past relevant work, could perform other jobs that exist in significant numbers in the national economy. Specifically, the ALJ found that plaintiff could perform semi-skilled work such as an information clerk (SVP 4), appointment clerk (SVP 3) and receptionist (SVP 4). Plaintiff has shown no error in the ALJ's findings in this respect. Specifically, plaintiff does not point to a mental ability required by semi-skilled work that she does not possess or to record evidence which demonstrates she does not possess that ability. Therefore, Plaintiff has not met her burden to show error in the ALJ's finding no specific mental limitations. The court's decisions in *Richard De La T.* and *Leah A.D.* do not require a different conclusion.

*Leah A.D.* focused primarily on the ALJ's assessment of various medical opinions under the prior regulations wherein medical opinions were to be weighed under the "treating physician rule" except where the ALJ provided rationale supported by record evidence to accord greater weight to a reviewing physician's opinion. The court in *Leah A.D.* found that the ALJ did not adequately justify the weight afforded to competing medical opinions which, in turn, called into doubt the ALJ's assessment of no mental limitations. Moreover, the past relevant work in that case required the highest skill level (SVP 8) whereas the alternative finding here involves semi-

skilled SVP 3 and SVP 4 work. Similarly, Richard De La T. involved past relevant skilled work with an SVP of 7, the second highest skill level.  Again, the semiskilled work at issue here has an SVP of 3 and 4. Moreover, the record reflects that the ALJ's determination is reasonable in light of evidence of plaintiff's lack of mental health treatment by a licensed psychiatrist or psychologist (or any mental health treatment provider aside from a student intern therapist) and treatment notes indicating improvement in symptoms with medications—evidence that the ALJ noted in connection with her RFC assessment.  Because plaintiff points to no mental abilities required by semi-skilled work of which she is incapable and cites no record evidence compelling that result, she has shown no error requiring remand of this case.  *See Allison Rena S. v. Kijakazi*, 2023 WL 2374807, at *4-5 (D. Kan. Mar. 6, 2023) (distinguishing between ALJ's analysis of mild mental limitations with respect to skilled and semi-skilled work; court requires more discussion from ALJ when finding that a claimant can perform skilled work despite mild mental impairments as opposed to semi-skilled work).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

**IT IS SO ORDERED.**

Dated this 9th day of November, 2023, at Kansas City, Kansas.

                                                                s/John W. Lungstrum  
                                                             HON. JOHN W. LUNGSTRUM  
                                                             United States District Judge